UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ANGELINA CAMIOLA                              CIVIL ACTION

VERSUS                                        NO: 09-1389

AUTO CLUB FAMILY                              SECTION: B(2)
INSURANCE COMPANY, ET AL

                           ORDER AND REASONS

   Before the Court is Defendant Auto Club Family Insurance Company's ("ACFIC") Motion for Summary Judgment (Rec. Doc. No. 48), which Plaintiff opposes, and Plaintiff's Motion for Summary Judgment (Rec. Doc. No. 52), which Defendant opposes.

   Plaintiff has sued ACFIC under her homeowners insurance policy due to property damage allegedly sustained during Hurricane Katrina. Plaintiff's insurance policy covered, among other things, damage caused by wind and wind driven rain, but did not provide coverage for damage caused by flood. The parties dispute the cause of Plaintiff's damages.

   Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248,

(1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

In its Motion for Summary Judgment, ACFIC contends that all of the evidence in this case undisputedly shows that Plaintiff's damages were caused by flood, and therefore, summary judgment should be granted in its favor and Plaintiff's claims dismissed. Rec. Doc. No. 48-3, at 2. However, Plaintiff has set forth in her opposition memoranda and attached deposition testimony minimally sufficient evidence to create a disputed issue of material fact as to whether any of her property damage resulted from wind and/or wind driven rain. Rec. Doc. No. 54, at 4-6, *see* Deposition of Dan Wells, Exhibit 3; Rec. Doc. No. 68, at 2, *see* Deposition of Lisa Camiola Buchanan, Exhibit 1. Summary judgment is therefore inappropriate, and defendant's motion (Rec. Doc. No. 48) is hereby **DENIED.**

Plaintiff contends in her Motion for Summary Judgment that ACFIC cannot meet its burden of distinguishing damages caused by a covered peril from those caused by an excluded peril. Rec. Doc. No. 52, at 1. Plaintiff further asserts that ACFIC acted in bad faith in the handling of her claim, alleging that its adjuster never adjusted for any damages below the flood line, and therefore also moves for summary judgment on this issue. *Id.* at 1-2. However, ACFIC has shown, in both support of its motion for summary judgment and opposition to Plaintiff's motion for summary judgment, competent evidence that Plaintiff's damages were the direct result of flooding, an excluded peril. *See* Report of Leonard Quick, Rec. Doc. No. 48, Exhibit 5; Rec. Doc. No. 56, Exhibit 5. Moreover, ACFIC's adjuster documented his investigation of Plaintiff's home and specifically stated that when he inspected Plaintiff's damages, he looked at not only the flood line, but also at the roof, windows, ceilings, debris, and mold present on the ceilings and walls. *See* Wells' Report and Deposition, Rec. Doc. No. 56, Exhibit 3. Accordingly, Plaintiff's Motion for Summary Judgment (Rec. Doc. No. 52) must also be **DENIED.**

New Orleans, Louisiana, this 3rd day of January, 2011.

UNITED STATES DISTRICT JUDGE